IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL DOCKET NO.: 5:02CV105-V

| | |
|---|---|
| LARRY BLACK,<br>    Plaintiff,<br><br>vs.<br><br>F & S, LLC, *et al.*,<br>    Defendants. | **O R D E R** |

**THIS MATTER** is before the Court upon review of Plaintiff's filing of April 19, 2006, entitled "Response To Order To Show Cause." (Document #66)

On January 24, 2006, the parties were directed to file a status report. (Document #61) On February 17, 2006, Plaintiff submitted a status report containing a proposed "litigation plan." In addition to the plan of action described within Plaintiff's status report, Plaintiff's counsel then "communicated informally" with Magistrate Judge Keesler's chambers. Plaintiff's counsel advised chambers' staff that Plaintiff intended to file motions for particular action or relief by March 17, 2006.

When no action was taken by March 17th, the Magistrate Judge's chambers contacted the district court requesting assistance in prompting Plaintiff to act consistent with counsel's written and oral representations.[1] On April 5, 2006, the undersigned issued an Order directing Plaintiff to show cause why this civil action should not be dismissed involuntarily for lack of prosecution pursuant to FED. R. CIV. P. 41(b). Counsel now explains that he did not understand March 17, 2006, to be a firm deadline and, therefore,

---

[1] The Magistrate Judge did not issue an Order imposing a formal deadline of March 17th. However, given the history of the case, and the Court's emphasis on the need to move the case along towards a final resolution, the Court fully expected counsel to perform in a timely manner.

1

did not request an extension of time of the "informal target date."

Plaintiff relays in his most recent filings that after engaging in "limited informal discovery with one of the Defendants added by the Amended Complaint," Plaintiff is now in a position to target the Defendant(s) he believes are, "in all likelihood, liable." Consequently, Plaintiff has moved for voluntary dismissal with respect to certain Defendants and likewise moved for entry of default as to certain other Defendants. In addition, Plaintiff requests additional time to effect service on three Defendants.

1. **Motions For Entry of Default**

Rule 55(a) of the Federal Rules of Civil Procedure governs Plaintiff's motion for entry of default, and provides:

> "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."

FED. R. CIV. P. 55(a). In support of his motion regarding the Estate of Doss Fischer, Plaintiff supplies a copy of an executed civil summons, indicating service on an agent authorized to accept service of process on behalf of Defendant estate on August 10, 2002. (Pl.'s Exhs. A, B) There is no record of any Answer or responsive pleading submitted by the estate. Plaintiff's motion for entry of default as to the Estate of Doss Fischer will be granted.

However, Plaintiff has not demonstrated that entry of default is proper as to Defendants James F. Garro and Sienna Financial, Ltd. According to Plaintiff, via correspondence dated June 14, 2003, James F. Garro, "acknowledged receipt of the Summons and Complaint in this action" on behalf of Garro, individually, as well as Sienna Financial, Ltd. (Pl.'s Mot., ¶6; Exh. A) Indeed, Garro's letter reveals actual knowledge of

the civil action but also alleges that Garro "didn't know [counsel's] client; [] never heard of him. . ." Garro further states that he has "never been in the State of North Carolina" and that "North Carolina has no rights over [him] in its Superior Court." Garro states that he intends to hire competent counsel "to begin a fraud case against the plaintiff" as well as counsel's law firm unless he receives "a complete and absolute release" within 14 days. Ignoring the substance of Garro's letter, Plaintiff contends that Defendant Garro has not filed a responsive pleading or otherwise sought to defend against the action. The Court construes Garro's June 14, 2003 letter as an Answer and Motion To Dismiss for lack of personal jurisdiction pursuant to F<small>ED</small>. R. C<small>IV</small>. P. 12(b)(2). Plaintiff's motion for entry of default with respect to Defendants James F. Garro and Sienna Financial, Ltd. will be denied.[2]

### 2. Motion To Extend Time For Service Of Process

Plaintiff also asks for additional time pursuant to Rule 4(m) of the Federal Rules of Civil Procedure to effect service upon Defendants Robert E. Connolly, F. Walter Riebnenack, and Riebnenack & Connolly. Robert E. Connolly was named in Plaintiff's original Complaint, filed in Iredell County Superior Court on July 7, 2002. F. Walter Riebnenack and Riebnenack & Connolly were named in the Amended Complaint filed August 6, 2004.

---

[2] 10A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 2682 (Civ.3d 2005)("[I]f defendant appears and indicates a desire to contest the action, the court can exercise its discretion and refuse to enter a default. This approach is in line with the general policy that whenever there is doubt whether a default should be entered, the court ought to allow the case to be tried on the merits.")

Rule 4(m) governs time limits for service and provides:

> "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."

FED. R. CIV. P. 4(m). Absent a showing of good cause, the court may elect to dismiss the action or direct that service must occur within a definite time period. United States *ex rel.* Shaw Envtl., Inc. v. Gulf Ins. Co., 225 F.R.D. 526 (E.D.Va.2005)(*citing* Mendez v. Elliot, 45 F.3d 75, 78 (4th Cir.1995)(extension of time may only be granted for good cause); and Henderson v. United States, 517 U.S. 654, 662 n. 5 (1996)(stating in *dicta* that Rule 4(m) permits a district court to enlarge the time of service "even if there is no good cause shown")).

While Plaintiff does not expressly contend that good cause exists, counsel explains that Plaintiff was unable to serve Robert Connelly with a copy of the original complaint despite two attempts made in 2002. (Pl.'s Mot., at 1.) In both instances, copies of the complaint and summons were returned to counsel's office as undeliverable. Then, Plaintiff filed an Amended Complaint on August 6, 2004. On August 9, 2004, Plaintiff requested waiver of service of summons to no avail. Thus, Plaintiff's last attempts to effect service on these three Defendants was nearly two years ago. Plaintiff does not describe his efforts, if any, to obtain accurate information for purposes of locating these Defendants and accomplishing service. Further, Plaintiff does not suggest that any of these Defendants has actual or constructive knowledge of the lawsuit. Under these circumstances, the Court finds that Plaintiff has not demonstrated good cause for the failure to accomplish

4

service since the filing of the Amended Complaint.  Therefore, the Court, in its discretion, will <u>not</u> grant Plaintiff's request for additional time.

**IT IS, THEREFORE, ORDERED THAT:**

1) Plaintiff has demonstrated that involuntary dismissal pursuant to Rule 41(b) is not warranted at this time.  Accordingly, the Court's April 2006 order directing Plaintiff to show cause is hereby rescinded;

2)  Plaintiff's Motion For Entry of Default pursuant to Fed. R. Civ. P. 55(a) as to the Estate of Doss Fischer is **GRANTED**;

3)  Plaintiff's Motion For Entry of Default pursuant to Fed. R. Civ. P. 55(a) as to Defendants James F. Garro and Sienna Financial, Ltd., is **DENIED**;

4) Plaintiff's Motion To Extend Time For Service with respect to Robert E. Connolly, F. Walter Riebnenack, and Riebnenack & Connolly is **DENIED**; and

5)  Plaintiff shall file another Status Report with the Court **on or before September 25, 2006.**

Signed: August 3, 2006

*Richard L. Voorhees*
Richard L. Voorhees
United States District Judge