**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL DOCKET NO.: 5:02CV105-V**

| | |
|---|---|
| **LARRY BLACK,** ) | |
|     **Plaintiff,** ) | |
| ) | **FINAL PRETRIAL** |
| **vs.** ) | **ORDER** |
| ) | |
| **F & S, LLC,** *et al.*, ) | |
|     **Defendants.** ) | |
| ) | |

**THIS MATTER** is before the court on its own motion. On May 29, 2008, this civil action was formally noticed for trial. (Document #76) Trial is scheduled to commence on **Monday, October 20, 2008 in the Statesville Division** promptly at **9:30 a.m.**[1] Accordingly, counsel shall appear in Statesville (2nd Floor Courtroom) for a final pretrial conference on **Wednesday, October 8, 2008 at 3:30 p.m.** Counsel is also expected to comply with the deadlines below.

    **A.**     **TRIAL SUBPOENAS**: Counsel must subpoena all witnesses <u>at least ten (10) days</u> in advance of the trial date. The Court <u>may</u> elect not to enforce subpoenas that have not been issued in compliance with this deadline or, if requested, <u>may</u> quash subpoenas that have not been issued in compliance with this deadline.

    **B**.     **COUNSEL'S DUTIES PRIOR TO TRIAL**: <u>On or before Friday, October 10, 2008</u>, counsel for all parties shall:

---

[1] Plaintiff's Amended Complaint does not expressly request a jury trial. Although former Defendant Daina Stephenson requested in her Answer (and Amended Answer) that all issues of fact be tried by jury (Documents #55, #56), it is not clear from the record whether any remaining party seeks trial by jury. If this case proceeds before a jury, jury selection will commence at 9:30 a.m. and presentation of Plaintiff's evidence will immediately follow.

1

(a) Discuss the possibility of a settlement;

(b) Exchange copies of exhibits or permit inspection if copying is impractical;

(c) Number and become acquainted with all exhibits; and

(d) Agree upon the issues, reduce them to writing, and file with the Court. If counsel cannot agree upon the issues, each party is directed to write his/her own version and file it with the Court.

(e) Agree upon stipulations of fact and file with the court. The parties are encouraged to stipulate to as many facts as possible to facilitate the trial of the case.

**C.** **COUNSEL'S FILINGS BEFORE TRIAL**: <u>On or before Wednesday, October 15, 2008</u>, counsel for each party shall file:

(a) A trial brief addressing all questions of law and any anticipated evidentiary issues;

(b) In all non-jury cases, proposed Findings of Fact and Conclusions of Law;

(c) Proposed jury instructions, as described below; and

(d) Requested questions for voir dire.

**D.** **PROPOSED JURY INSTRUCTIONS**: If a jury trial has been requested, all counsel shall submit proposed jury instructions <u>on or before October 15, 2008</u>. Additional instructions may be submitted during the trial as circumstances may require. Counsel should number each proposed instruction and shall submit each proposed instruction on a separate page. Each proposed instruction <u>must</u> contain a supporting citation(s) as a footnote. A proposed instruction without a supporting citation may not be considered.

**E.** **JURY VOIR DIRE**: The Court, after consideration of the requests for voir dire submitted by counsel, shall conduct jury voir dire. Counsel will be given a limited opportunity to

conduct additional voir dire, subject to the Court's determination of reasonableness and relevance. Alternatively, the Court may elect to permit counsel to conduct voir dire subject to time limits.

F. **COUNSEL'S FILINGS ON THE FIRST DAY OF TRIAL**: No later than the morning of the first day of trial, counsel for each party shall file:

(a) A witness list containing the name of every proposed witness;

(b) A statement of the education, experience, and qualifications of each expert witness, unless the parties have stipulated to the qualifications of each expert witness;

(c) Stipulations concerning the authenticity of as many proposed exhibits as possible; and

(d) An exhibit list.

G. **EXHIBIT NOTEBOOKS**: If counsel for any party intends to tender more than fifteen (15) documentary exhibits, counsel for that party shall prepare two (2) identical exhibit notebooks. Each exhibit notebook shall contain an index of the exhibits and a copy of each exhibit. Counsel shall tab each exhibit and shall numerically arrange each exhibit notebook, or set of exhibit notebooks.

H. **FORMAT FOR EXHIBIT LIST**: In preparing the exhibit list, counsel separately shall identify and number each exhibit, shall arrange the list numerically by exhibit number, and shall place the following headings on the exhibit list:

| Exhibit # | Description | Identified by | Admitted |
|---|---|---|---|

It is not necessary for counsel to make entries in either the "Identified by" column or the "Admitted" column.

**I.      ASSESSMENT OF JURY COSTS**:   Whenever a civil action scheduled for a jury trial is settled or otherwise disposed of in advance of the actual trial, the Court may assess all jurors' costs, including Marshal's fees, mileage reimbursement, and <u>per diem</u> fees, equally against the parties or otherwise may determine appropriate assessments unless the Clerk's Office is notified at least one (1) full business day prior to the date on which the action is scheduled for trial or the parties establish good cause why the Court should not assess jury costs against the parties.  When any civil jury trial is settled at trial in advance of the verdict, the Court likewise may make the same assessments unless the parties establish good cause why the Court should not do so.

**SO ORDERED.**

Signed: October 3, 2008

*[signature]*

Richard L. Voorhees
United States District Judge