IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL DOCKET NO.: 5:02CV105-V

| | |
|---|---|
| LARRY BLACK, ) | |
|     Plaintiff, ) | **ORDER GRANTING** |
| ) | **DEFAULT JUDGMENT** |
| vs. ) | |
| ) | |
| F & S, LLC, *et al.*, ) | |
|     Defendants. ) | |

**THIS MATTER** is before the court on Plaintiff Larry Black's oral motion, through counsel, seeking default judgment against Defendant Estate of Doss Fischer, made in open court on Thursday, October 8, 2008.[1] Fed. R. Civ. P. 55(b).

## I. Background

Plaintiff Larry Black alleges Defendants solicited funds from him for purposes of investing in an incredible scheme whereby investors like Black were promised a "profit" of 100% of their capital investment *per month* for the duration of their participation in the investment. Allegedly, Defendants were to buy and sell bank investments and government securities at a "discount" and then resell them within a short period of time at "Par" or face value back to the bank or government. Plaintiff wired one million dollars ($1,000,000) to the Trust account of former Defendant Riebenack & Connolly on or about August 15, 2000 and executed an Investment Contract. Plaintiff lost his entire investment.

---

[1] Plaintiff's filings identify Defendant Estate of Doss Fischer as being spelled both "Fischer" and "Fisher." For purposes of consistency, the undersigned will follow the spelling used in the Amended Complaint.

Plaintiff's Amended Complaint alleges: Violation of Anti-Fraud Provisions of the NC Securities Act (Count One); Violation of NC Securities Act: Selling Unregistered Securities (Count Two); Violation of NC Securities Act: Unregistered Broker / Dealer (Count Three); Negligent Misrepresentation (Count Four); Fraud (Count Five); Constructive Fraud (Count Six); Fraudulent Inducement (Count Seven); Breach of Contract (Count Eight); Breach of Fiduciary Duty (Count Nine); Unfair and Deceptive Trade Practices (Count Ten); Racketeering Activity (Count Eleven); Aiding and Abetting (Count Twelve); and Conversion (Count Thirteen).

The Estate of Doss Fischer is the only remaining Defendant.[2] Entry of default was granted by this Court on August 3, 2006 against the Estate of Doss Fischer with respect to Counts One through Thirteen within Plaintiff's Amended Complaint.[3] (Document #71) In the two-plus years between August 2006 and October 2008, and despite the threat of an involuntary dismissal pursuant to Rule 41(b), Plaintiff never filed a written motion for default judgment (and never submitted an accompanying memorandum of law in support). In response to the oral motion made by counsel, the undersigned issued an oral bench order on October 8, 2008 <u>granting</u> Plaintiff's motion for default judgment.[4]

Plaintiff Black requests damages in the amount of $1,000,000, plus pre-judgment interest.

---

[2] Certain Defendants were dismissed for lack of personal jurisdiction. Defendant Daina Stephenson was voluntarily dismissed *with prejudice*. Several other Defendants were never served by Plaintiff. Another group of Defendants, including Corporate Defendant F & S, were voluntarily dismissed *without prejudice* on October 20, 2008.

[3] The Doss Fischer Estate was served with the Amended Complaint on August 10, 2002, via agent or personal representative "Doug Fisher," as evidenced by Plaintiff's Exhibits A and B to Motion for Entry of Default. (Document #69)

[4] With the exception of Plaintiff's mention of his unfair and deceptive trade practices claim, no specific counts were addressed.

Plaintiff also asks this Court to treble his award on the claim alleging unfair and deceptive trade practices (Count Ten) pursuant to N.C. Gen. Stat. §75-16.[5] (Am. Compl. ¶106 / Prayer ¶21) Counsel was provided an opportunity to submit any additional materials through Friday, October 10, 2008. This matter is now ripe for disposition.

## II. Applicable Law

**A. Default Judgment**

Rule 55(b) governs the entry of default judgment and reads in part:

> (1) *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – ***must*** enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> (2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment ***may*** be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. The court may conduct hearings or make referrals – preserving any federal statutory right to a jury trial – when, to enter or effectuate judgment, it needs to:
>
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or

---

[5] During the status conference held on October 8, 2008, counsel indicated Plaintiff would also be seeking attorneys' fees pursuant to N.C.Gen. Stat. §75-16.1. Consequently, Plaintiff submitted an affidavit from counsel representing that counsel had dedicated in excess of 100 hours in the prosecution of this civil action. (Document #81) Accordingly, Plaintiff requested attorneys' fees in the amount of $25,000 (the flat-fee paid to counsel in 2002). Counsel's submission did not include a detailed breakdown of specific legal services provided, or the amount of time expended on each service. When asked by chambers' staff to provide additional time and billing records in support of the motion as well as an affidavit from a third-party attorney addressing the reasonableness of Plaintiff's request, counsel indicated via email that his client may elect not to pursue the request for statutory attorneys' fees afterall. More than two weeks have passed since this last communication with Plaintiff's counsel. It appears Plaintiff has abandoned his request for attorneys' fees.

3

(D) investigate any other matter.

Fed. R. Civ. P. 55(b)(2008).

Even though Plaintiff's request falls within the "sum certain" category, Plaintiff's oral motion was made before this district judge in connection with a final pretrial hearing. In addition, Plaintiff's request for a treble award pursuant to N.C. Gen. Stat. § 75.1-1 requires a legal determination that the facts alleged and admitted by default constitute acts falling within the scope of the statute. *See e.g.,* Blankenship v. Town and Country Ford, Inc., 622 S.E.2d 638, 641 (N.C.App. 2005) (remanded for findings of fact regarding whether defendant's conduct violated §75-1.1). Accordingly, Plaintiff's motion is not subject to determination by the Clerk of Court and Plaintiff's motion, therefore, is analyzed under Rule 55(b)(2).[6] *See* Conetta v. Nat'l Hair Care Centers, Inc., 186 F.R.D. 262, 268 (D.R.I. 1999) (holding that Rule 55(b)'s two procedures are mutually exclusive such that once a matter is before the court, the clerk of court cannot enter default judgment.) Nonetheless, because the Estate of Fischer never made an appearance, Defendant is not entitled to written notice of Plaintiff's motion for default judgment as contemplated under Rule 55(b)(2).

### B. Effect Of Entering Default Judgment

Upon default judgment, Plaintiff's *factual* allegations – as opposed to legal conclusions – are accepted as true for all purposes excluding determination of damages. *See* Ryan v. Homecomings

---

[6] In its usual application, such as where a party has appeared prior to default, the Court's decision to enter or deny default judgment under Rule 55(b)(2) is discretionary. *See* United States v. Ragin, 113 F.3d 1233, 1997 WL 268576, *2 (4th Cir.1997) (affirming default judgment of forfeiture of res [not sum certain] under Rule 55(b)(2) after defendant made untimely appearance but failed to assert a meritorious defense); see also Draper v. Coombs, 792 F.2d 915, 924 (9th Cir.1986) ("There is no matter of right to the entry of a default judgment, and its entry is entirely within th[e] Court's discretion.").

Fin. Network, 253 F.3d 778, 780 (4th Cir.2001) ("default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover") (*quoting* Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir.1975)); *accord* Blankenship, 622 S.E.2d at 737 (upholding default judgment supported by evidence - facts within complaint, sworn affidavits, and expert testimony) (*quoting* Bell v. Martin, 264 S.E.2d 101, 105 (N.C. 1980)).

### III. Factual Allegations

#### A. Amended Complaint

Accepting Plaintiff's allegations as true, Stephenson solicited Plaintiff on behalf of F & S. After this initial contact, F & S's owner, James Schindler, contracted with Plaintiff on behalf of F & S. (Pl.'s Exh. A) Doss Fischer, now deceased, witnessed Schindler's execution of the contract. Id. The Escrow Agreement was between F & S, Plaintiff, and Attorney Robert E. Connelly, as the Escrow Agent. (Pl.'s Exh. B) F & S, Merlin and Connolly assumed certain responsibilities and made promises to perform pursuant to the Investment Contract and Escrow Agreement. (Am. Compl. ¶¶93 - 97) Plaintiff also alleges "[s]ome or all of the individual Defendants solicited Plaintiff's investment via telephone and knowingly made a number of material misstatements to Plaintiff," including:

- The Investment Contract was safe because it involved bank and government securities.
- The Investment Contract was guaranteed since it involved trading bank and government securities.
- The Investment Contract did not require "Advance Fees."
- Only the Principal (Plaintiff) would have signatory authority concerning the Principal's funds.
- Plaintiff's funds would be "Escrowed" and returned within fourteen days and the funds were "guaranteed."

5

- Plaintiff would receive $1,000,000 per month for as long as he was in the Investment Contract.
- Plaintiff's investment was highly liquid.

(Am. Compl. ¶30a-g)

With respect to Doss Fischer, Plaintiff's Amended Complaint specifically alleges:

- Doss Fischer is deceased. Upon information and belief, it is alleged that Doss Fischer, ("Fischer") was an ***agent, manager or member of F& S and / or Merlin***, who solicited investors on behalf of F & S and /or Merlin and their affiliates in the State of North Carolina. Upon information and belief, it is alleged that Fischer was a resident of Fort Wayne, Indiana.
- "Defendant[] Fischer ... ***aided and abetted the primary wrongdoers*** also named as Defendants in this Complaint."

(Am. Compl. ¶¶9, 114)

### B. Factual Allegations Against Fischer Within Plaintiff's Affidavits

Plaintiff's original affidavit, filed November 14, 2002 in connection with defending Rule 12(b) motions and moving to amend his complaint, describes in greater detail how the Investment Contract was executed:

- On or about August 25, 2000, a meeting ("the meeting") was held in New York at which Schindler, Fischer, Stephenson and Vanderfeld (the other investor) were in attendance.
- Plaintiff was in North Carolina at the time of the meeting.
- Plaintiff had knowledge and belief that Schindler, Fischer, Stephenson and Vanderfeld were all in attendance at the meeting and communicated with them via facsimile.
- On the day of the meeting, the group faxed Plaintiff a copy of the contract by which Vanderfeld and Plaintiff would provide funds for Schindler and Fischer's investment scheme.
- Shortly thereafter and on the same day, the group faxed Plaintiff an addendum to the

> contract by which Schindler and Fischer promised to pay a sum of $1 million each to Vanderfeld and Plaintiff within 14 days.

(Black 11/13/02 Aff. ¶¶9-13)

On October 12, 2008, Plaintiff filed a supplemental affidavit in support of his treble damages request.[7] (Document #80 / 2008 Affidavit) In his 2008 Affidavit, Plaintiff Black avers:

- After his initial contact with Daina Stephenson, Plaintiff "had primary contact regarding this investment, with Doss Fischer" (Black 10/12/08 Aff. ¶5);[8]
- Fischer presented Plaintiff with an Asset Management Money Market Investment Contract on or about August 17, 2000 (Id. ¶7);
- Fischer signed the Investment Contract as a witness (Id. ¶11);
- Plaintiff "later learned that the statements and / or promises made by Fischer, Schindler and Stephenson regarding the investment and return and the statements contained in the Contract were not true at the time they were made." (Id. ¶12);
- Plaintiff wired the $1 million to the trust account of Robert Connolly "at the instruction of Schindler and Fischer" (Id. ¶13);
- Plaintiff understood Fischer and Schindler "to be acting as principles[sic] or agents of principles [sic] who were selling a security in the form of an investment contract" (Id. ¶14)
- "Through numerous phone conversations, Fischer advised [Plaintiff] that, though [his] principle[sic] had not been returned and no interest payments had been made, [his] money was safe, that the investment plan was preceeding[sic] as arranged and that [he] should expect payment at any time." (Id. ¶18)
- Plaintiff "subsequently learned that none of these statements by Fischer were true at

---

[7] Plaintiff's filings, due October 10, 2008, were actually submitted two days late. Counsel indicated to chambers' staff on October 10, 2008, via email, that he was experiencing difficulty filing electronically.

[8] Plaintiff's November 2002 affidavit tends to point towards Daina Stephenson, F & S employee / agent who has since been voluntarily dismissed, as Plaintiff's primary F & S contact as opposed to Doss Fischer. (11/14/02 Black Aff. ¶¶2-6)

7

the time they were made." (Id. ¶19)

- The statements of Fischer as to the promised return of Plaintiff's investment, payment of 100% interest, the security of his investment and the expected payments "were all made for the purpose of defrauding [Plaintiff] and, later, to cover up the fraud and were made to induce [Plaintiff's] reliance and deceive [Plaintiff] ...." (Id. ¶20)

- None of the participants, including Fischer, were registered securities traders in North Carolina. (Id. ¶21)

- The "violation of several chapters of North Carolina statutes regarding the sale of securities and the misrepresentations of Fischer, which were made for the purpose of deceiving [Black], are deceptive acts as defined by North Carolina law (N.C.G.S. 75-1.1)" (Id. ¶22)

### IV. Analysis

**A. Violation of N. C. Gen. Stat. §75-1.1**

In order to allow Plaintiff's damages award to be trebled, the Court must find, as a matter of law, that the facts alleged and admitted as to Defendant Fischer constitute a violation of §75-1.1. *See* Ryan, 233 F.3d at 780. In Atlantic Purchasers, Inc. v. Aircraft Sales, Inc., the Fourth Circuit explained the typical procedure for determining whether the proven facts establish an unfair or deceptive trade practice, and whether an award based upon a violation of §75-1.1 should be trebled under §75-16:

> Ordinarily it would be for the jury to determine the facts, and based on the jury's finding, the court would then determine as a matter of law whether the defendant engaged in unfair or deceptive acts or practices in the conduct of trade or commerce. The elements of "unfairness" and "deceptiveness" are defined broadly: a practice is unfair when it offends established public policy as well as when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers ... **A practice is deceptive if it has the capacity or tendency to deceive**; proof of actual deception is not required. Moreover, **proof of fraud would necessarily constitute a violation of the Act**. On the other hand, a mere intentional breach of a valid contract is not, without more, a violation. Good faith is no defense to an alleged violation of the Act. The trade or commerce requirement of the Act in

8

its 1976 form is met by demonstrating that the parties were engaged in an activity involving an exchange of some type ... in which a participant could be characterized as a seller.

Atlantic Purchasers, Inc. v. Aircraft Sales, Inc., 705 F.2d 712, 715 (4th Cir.1983) (*emphasis provided*) (*citing* Marshall v. Miller, 302 N.C. 539 (1981)). Here, in light of Fischer's default, it is the Court's task rather than a jury's to determine what facts are supported by the record.

The posture of this case is unique in that all of the other Defendants have been dismissed for various reasons. Plaintiff also articulates his causes of action within the Amended Complaint in group pleading style. For these reasons, it is less than clear which facts are properly deemed admitted, and therefore, attributable to Fischer's Estate.[9] Plaintiff Black alleges that, upon information and belief, Fischer was an "agent, manager or member of F & S and / or Merlin." (Am. Compl. ¶9) Because Corporate Defendant F & S, which Fischer was allegedly affiliated with, has been dismissed, the Court does not impugn and / or deem *all* of the allegations concerning F & S admitted by way of the default of the Estate of Fischer. Rather, the Court only relies upon the allegations expressly made against Fischer, individually, and as an agent, manager or member of F&S.

In terms of the basis for default judgment, the Court first notes that it is difficult to imagine a more classic case of fraud than what is alleged by Plaintiff Black.[10] In other words, the conduct

---

[9] For instance, compare Black's October 2008 Affidavit, Paragraph 7, with Paragraph 26 of the Amended Complaint. The Amended Complaint alleges "In an elaborate and seemingly sophisticated scheme with intent to defraud, *Defendants* conspired and colluded to solicit funds from investors, including Plaintiff, in something called "Asset Management and Money Market Investment Contract" ("Investment Contract")." Plaintiff's recent Affidavit now avers that *Fischer* actually presented the Investment Contract to him.

[10] If the Court finds Plaintiff's allegations of fraud are deemed admitted, default judgment is proper on Count Ten. *See* Atlantic Purchasers, Inc., 705 F.2d at 715 ("proof of fraud would necessarily constitute a violation of the Act.")

9

alleged within Plaintiff's Amended Complaint is far more egregious than a mere intentional breach of contract. *See* Atlantic Purchasers, Inc., 705 F.2d at 715 ("unfairness" and "deceptiveness" are defined broadly). Many of the oral representations described by Plaintiff clearly had the capacity or tendency to deceive as contemplated by §75-1.1. Id. ("A practice is deceptive if it has the capacity or tendency to deceive . . . .") Consequently, the Court concludes that the facts accepted and admitted upon default may properly be characterized as "deceptive" for purposes of §75-1.1.

Additionally, Plaintiff Black's factual allegations are more than sufficient to establish Fischer as one who aided and abetted others in the illegal scheme. Although Plaintiff's Amended Complaint does not assert Fischer was one of the primary wrongdoers, it asserts that Fischer played an integral part in the purported fraudulent scheme. Plaintiff expressly alleges that, upon information and belief, Fischer solicited investors on behalf of F & S and / or Merlin.[11] Given these findings, namely, that Fischer aided and abetted others in the conduct giving rise to a violation of §75-1.1, the Court finds that allegations establishing a violation of §75-1.1 are admitted. Thus, a violation of the statute is established and default judgment, therefore, is proper on Count Ten.

### B. Treble Award Pursuant to N. C. Gen. Stat. §75-16

Under Section 75-16 of the North Carolina General Statutes, a successful plaintiff is entitled to treble damages. *See* Atlantic Purchasers, Inc., 705 F.2d at 715-16 (The award of treble damages is "not subject to judicial discretion.") (*internal cites omitted*). However, Plaintiff must provide the Court with proof of actual damages. Shell Oil Co. v. Commercial Petroleum, Inc., 928 F.2d 104, 109 n.7 (4th Cir.1991) ("Proof of actual damages is an essential element for an award of treble

---

[11] Under North Carolina law, the trial court is not precluded from entering default where the allegations are based upon information and belief. *See* Blankenship, 622 S.E.2d at 737.

damages.") (*citing* <u>Ellis v. Smith-Broadhurst, Inc.</u>, 268 S.E.2d 271, 48 N.C.App. 180 (1980)). Here, Plaintiff presents proof of actual damages in the amount of $1,000,000. (*See* Am. Compl. ¶¶35, 36 / Exhs. C, D) While the result could be taken as unjust in this particular case, the Court is without discretion to decline to treble Plaintiff's award.[12]

### C. Pre-judgment interest

The only damages that may be trebled are those which are proximately caused by a violation of N.C. Gen. Stat. §75-1.1. <u>Johnson v. Colonial Life & Accident Ins. Co.</u>, 618 S.E.2d 867, 871, 173 N.C.App. 365 (2005) (*citing* <u>Gray v. N.C. Ins. Underwriting Ass'n</u>, 529 S.E.2d 771, 352 N.C. 599 (2000)). Thus, a pre-judgment interest award should not attach to the trebled damages, but only to the actual damages awarded for the unfair and deceptive trade practice. <u>Id.</u> at 872.

## V. Conclusion

For the reasons stated herein, the Court finds that default judgment is proper on one or more causes of action, specifically including Counts Ten and Twelve.

The Court further finds that the possibility of inconsistent judgments is remote or nonexistent given the fact that the Estate of Fischer is the sole remaining defendant. *See* <u>Frow v. DeLa Vega</u>, 82 U.S. 552 (1872); <u>United States ex rel. Hudson v. Peerless Ins. Co.</u>, 374 F.2d 942, (4th Cir.1967) (*Frow* applies not only to actions where the theory is joint liability, but also where the theory is one of joint and several liability").

---

[12] At best, Plaintiff Black was lackadaisical in prosecuting the action. Further, at this point, Plaintiff appears to be seeking to recover a $3 million dollar award against only one of several defendants.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT DEFAULT JUDGMENT** is entered against the Estate of Doss Fischer in the amount of $1,000,000, plus pre-judgment interest.

**IT IS FURTHER ORDERED** that Plaintiff's request for treble damages is **GRANTED.** Plaintiff's motion for attorneys' fees is **DENIED**.

Signed: December 2, 2008

Richard L. Voorhees
United States District Judge